IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID M. BERENATO,** | : | |
| Petitioner | : | No. 1:24-cv-01005 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **COMMONWEALTH OF PA, et al.,** | : | |
| Respondents | : | |

**MEMORANDUM**

Before the Court are pro se Petitioner David M. Berenato ("Berenato")'s application for leave to proceed in forma pauperis and petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Section 2241"). For the reasons set forth below, the Court will grant the application for leave to proceed in forma pauperis, construe the Section 2241 petition as a habeas petition filed under 28 U.S.C. § 2254 ("Section 2254"), dismiss the Section 2254 petition without prejudice for Berenato's failure to exhaust his state-court remedies, and decline to issue a certificate of appealability.

**I.    BACKGROUND**

In early February 2024, a jury sitting in the Court of Common Pleas of Cumberland County found Berenato guilty of Firearms Not to be Carried Without a License (18 Pa. C.S. § 6106(a)(1)) and Altered, Forged, or Counterfeit Documents and Plates (75 Pa. C.S. § 7122(3)). See (Doc. No. 2 at 1, 5); Commonwealth v. Berenato, No. CP-21-CR-0000620-2023 (Cumberland Cnty. Ct. Com. Pl. filed Mar. 7, 2023) ("CCP Docket").[1] On April 23, 2024, the trial court sentenced Berenato to a period of state incarceration for a minimum of one (1) year to

---

[1] Berenato references the docket number for his criminal case in his petition (Doc. No. 2 at 1), and he attaches the "Court Summary" for his case as an exhibit to the petition (id. at 8). The Court takes judicial notice of the docket sheet in his criminal case, which is available through the Unified Judicial System of Pennsylvania Web Portal at https://ujsportal.pacourts.us/CaseSearch.

a maximum of three (3) years on the firearms conviction and a concurrent period of incarceration for a minimum of three (3) months to a maximum of twelve (12) months on the other conviction. (Doc. No. 2 at 1–2, 5, 8); CCP Docket.  Berenato filed post-sentence motions, which appear to have been denied.  See CCP Docket (showing post-sentence motions filed on May 13, 2024).[2]  Berenato also filed a notice of appeal to the Pennsylvania Superior Court on May 17, 2024.  See id.  Berenato's appeal is still pending.  See Commonwealth v. Berenato, No. 703 MDA 2024 (Pa. Super. Ct. filed May 21, 2024).[3]

On June 11, 2024, Berenato commenced the instant habeas action by filing an application for leave to proceed in forma pauperis and a Section 2241 habeas petition in the United States District Court for the Eastern District of Pennsylvania.  In the habeas petition, Berenato asserts that, inter alia, the firearms statute under which he was convicted is facially unconstitutional and there was insufficient evidence to show he had the necessary fraudulent intent to support his other conviction.  (Doc. No. 2 at 1–6.)  He requests that the Court "QUASH or VACATE" his convictions.  (Id. at 6.)

The Eastern District transferred the action here on June 14, 2024.  (Doc. No. 4.)  On June 18, 2024, it appears that the Clerk of Court again docketed the application for leave to proceed in

---

[2]  The docket does not contain a notation that the post-sentence motions were denied.  However, the Court presumes these motions were denied because: (1) Berenato filed a notice of appeal soon after filing the post-sentence motions which was procedurally improper, see Pa. R. Crim. P. 720(A)(2) (providing for when defendant can file notice of appeal following filing of post-sentence motion), and could have resulted in the trial court denying the motions; and (2) the post-sentence motions would have been denied by operation of law no later than one-hundred-fifty (150) days after their filing, i.e., October 10, 2024, if the trial court did not resolve them by that date.  See Pa. R. Crim. P. 720(b)(3) (stating time limits for trial court to decide post-sentence motion).

[3]  The Court takes judicial notice of the docket sheet in Berenato's appeal, which is also available on the Unified Judicial System of Pennsylvania Web Portal.

2

forma pauperis ("IFP Application") (Doc. No. 7), and an Administrative Order issued to obtain a certified copy of Berenato's certified prisoner trust fund account statement from his place of incarceration (Doc. No. 8). Berenato's prisoner trust fund account statement was docketed on June 25, 2024. (Doc. No. 9.)

## II.    DISCUSSION

### A.    The IFP Application

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." See id. This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. [Deutsch v. United States, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, among other things, that [they are] unable to pay the costs of the lawsuit. Neitzke, 490 U.S. at 324, 109 S.Ct. 1827.

See Douris v. Middletown Twp., 293 F. App'x 130, 131–32 (3d Cir. 2008) (unpublished) (footnote omitted).

A litigant can show that they are unable to pay the costs of the lawsuit "based on a showing of indigence." See Deutsch, 67 F.3d at 1084 n.5. The Third Circuit Court of Appeals has not defined what it means to be indigent; nevertheless, "[a] plaintiff need not 'be absolutely destitute to enjoy the benefit of the statute.'" See Mauro v. N.J. Supreme Ct., 238 F. App'x 791, 793 (3d Cir. 2007) (unpublished) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S.

331, 339 (1948)). Some district courts have explained that all a litigant needs to show is that because of their poverty, they cannot afford to pay for the costs of the litigation and provide themselves with the necessities of life. See, e.g., Rewolinski v. Morgan, 896 F. Supp. 879, 880 (E.D. Wis. 1995) ("An affidavit demonstrating that the petitioner cannot, because of his poverty, provide himself and any dependents with the necessities of life is sufficient."); Jones v. State, 893 F. Supp. 643, 646 (E.D. Tex. 1995) ("An affidavit to proceed in forma pauperis is sufficient if it states that one cannot, because of poverty, afford to pay for the costs of litigation and still provide for him- or herself and any dependents.").

Here, after reviewing the IFP Application and certified prison trust fund account statement, it appears that Berenato is unable to pay the costs of this habeas action. Therefore, the court will grant him leave to proceed in forma pauperis.

### B. Whether Berenato's Petition is Properly Construed under Section 2241 or Section 2254

Berenato requests habeas relief in this case pursuant to Section 2241. (Doc. No. 2 at 1.) Section 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3). Although Berenato claims to be in custody in violation of the Eighth and Fourteenth Amendments to the United States Constitution (Doc. No. 2 at 3), he acknowledges that he has already been convicted and sentenced (id. at 1–2, 5, 8). Berenato's convictions and sentence require this Court to review his petition under Section 2254, which confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). The Third Circuit has determined, based on canons of

4

statutory construction, that because Section 2254 is more specific and Section 2241 more general, a state prisoner must generally seek relief through a petition brought pursuant to Section 2254 and not via Section 2241. See Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001); see also Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001) ("Not only is § 2254 an appropriate vehicle for Crouch's proposed claims, it is, as a practical matter, the only vehicle. This is because Crouch is a 'person in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), and can only obtain habeas relief through § 2254, no matter how his pleadings are styled."). Therefore, because Berenato is currently incarcerated after being convicted and sentenced in the Court of Common Pleas of Cumberland County, the Court will construe Berenato's petition as one filed under Section 2254 rather than under Section 2241.

    **C.**    **Analysis of Section 2254 Petition**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254. Rule 4 provides in pertinent part as follows: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See Rules Governing § 2254 Cases, Rule 4.[4] As discussed below, dismissal of Berenato's habeas petition without prejudice is appropriate.

Absent unusual circumstances, the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§ 2241–54 ("AEDPA"), provides that a federal court should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement articulated in 28 U.S.C. § 2254(b). A habeas petitioner will not be deemed to have

---

[4] Rule 4 would also apply if the Court reviewed Berenato's petition as one filed under Section 2241. See Rule 1, 28 U.S.C. § 2254 (stating that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)[,]" i.e., Section 2254 petitions).

exhausted their available state remedies if they had "the right under the law of the State to raise, by any available procedure, the question presented." See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (quoting 28 U.S.C. § 2254(c)). A claim is exhausted when it has been "fairly presented" to the state court. See Picard v. Connor, 404 U.S. 270, 275 (1971). A habeas petitioner has the burden of proving the exhaustion of all available state remedies. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) ("The habeas petitioner carries the burden of proving exhaustion of all available state remedies."). Overall, the exhaustion requirement advances the goals of comity and federalism while reducing "piecemeal litigation." See Duncan v. Walker, 533 U.S. 167, 180 (2001).

In this case, Berenato has an appeal pending before the Superior Court. It is therefore readily apparent from the record that Berenato has failed to exhaust any of his federal claims in state court. In other words, he has not presented any claim, constitutional or otherwise, to the state courts through "one complete round of the State's established appellate review process." See O'Sullivan, 526 U.S. at 844–45. Since it is still possible for Berenato to raise the claims he asserts in his habeas petition in the state courts, his claims are unexhausted. See Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) ("If a claim has not been fairly presented to the state courts and it is still possible for the claim to be raised in the state courts, the claim is unexhausted."). Accordingly, they are not properly before this Court. See, e.g., James v. Dist. Attorney York County, 594 F. App'x 66, 67 n.3 (3d Cir. 2015) (unpublished) (noting that habeas petitioner could not have challenged his conviction in habeas petition while petitioner's challenge to conviction was still pending on direct appeal).

The Court recognizes that, even when addressing a habeas petition raising only unexhausted grounds for relief, a district court can order that the case be stayed and abeyed pending

6

full exhaustion. See Heleva v. Brooks, 581 F.3d 187 (3d Cir. 2009). However, district courts should exercise discretion to stay and abey habeas claims in only limited circumstances because:

> [s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

See Rhines v. Weber, 544 U.S. 269, 277 (2005). Due to these concerns, district courts should stay and abey a habeas petition containing only unexhausted claims if "an outright dismissal could jeopardize the timeliness of a collateral attack." See Crews v. Horn, 360 F.3d 146, 151–52 (3d Cir. 2004) (internal quotation marks and citation omitted). In other words, "[a] key prerequisite to the granting of a stay . . . is that there be a real danger that the petitioner would, after dismissal without prejudice of the federal habeas action, be time-barred upon his return to federal court after the state proceedings are no longer pending." See Osburne v. Kerestes, No. 15-cv-06493, 2016 WL 2954162, at *4 (E.D. Pa. Mar. 31, 2016), report and recommendation adopted, 2016 WL 2939520 (E.D. Pa. May 19, 2016).

Here, as Berenato's judgment of sentence is not yet final, there is no danger that he would be time-barred upon his return to federal court after the conclusion of his state proceedings. As such, there is no basis to stay this action. Accordingly, the Court will dismiss Berenato's Section 2254 petition without prejudice to him refiling it once he exhausts his state-court remedies.

    **D.**    **Certificate of Appealability**

A court should only issue a certificate of appealability ("COA") if "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). If, however, the district court

> denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

See id. Here, the Court finds that reasonable jurists would find not the issues discussed above to be debatable. Accordingly, the Court will not issue a COA.

### III.   CONCLUSION

For the reasons discussed above, the Court will grant Berenato's IFP Application. The Court will also construe Berenato's Section 2241 habeas petition as one filed under Section 2254 and dismiss it without prejudice due to Berenato presenting only unexhausted claims in his petition and his opportunity, as well as his obligation, to first present those claims to the Pennsylvania state courts. The Court will not issue a COA. An appropriate Order follows.


s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania